J-S39041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL A. GIMENEZ | : | |
| | : | |
| Appellant | : | No. 132 MDA 2018 |

Appeal from the PCRA Order December 6, 2017
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0005288-2011,
CP-36-CR-0005293-2011, CP-36-CR-0005306-2011

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 18, 2018**

Miguel A. Gimenez ("Gimenez"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 15, 2012, Gimenez pled guilty to nine counts of delivery of cocaine and three counts of criminal use of communication facility.[1]  On September 24, 2012, the trial court sentenced Gimenez to eleven to twenty-two years in prison.  Gimenez did not file a direct appeal.

On October 23, 2012, Gimenez filed his first PCRA Petition. On September 27, 2013, the PCRA court denied Gimenez's first PCRA Petition.

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512(a).

This Court affirmed the denial. *See Commonwealth v. Gimenez*, 105 A.3d 779 (Pa. Super. 2014) (unpublished memorandum).

On November 30, 2017, Gimenez filed the instant PCRA Petition. On December 6, 2017, the PCRA court denied Gimenez's Petition.[2] Gimenez filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Gimenez raises the following questions for our review:

I. Did the PCRA [c]ourt err in not correcting illegal sentence that is deemed unconstitutional?

II. Did the PCRA [c]ourt err in dismissing PCRA petition as untimely?

Brief for Appellant at 3.

We review an order denying a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The review is limited to the findings of the PCRA court and the evidence of record. *Id*. The PCRA court's decision will be upheld if it is supported by the record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the defendant's judgment

---

[2] The PCRA court did not provide Gimenez with a Pa.R.Crim.P. 907 notice of its intention to dismiss Gimenez's Petition without a hearing. However, "where the PCRA petition is untimely, the failure to provide such notice is not reversible error." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).

of sentence becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Gimenez's judgment became final on October 24, 2012, after the time to seek direct review expired. *See* Pa.R.A.P. 903(a). Accordingly, Gimenez had until October 24, 2013, to file a timely PCRA petition. Gimenez's November 30, 2017 Petition is thus facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Gimenez invokes the newly recognized constitutional right exception, based upon *Alleyne v. United States*, 570 U.S. 99 (2013). Brief for Appellant at 6, 9. In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a crime is an element that must be submitted to the jury, and found beyond a reasonable doubt. *Alleyne*, 570 U.S. at 103. Gimenez argues that the trial court imposed a mandatory minimum sentence

- 3 -

in violation of *Alleyne*, thus rendering his sentence illegal. Brief for Appellant at 6.

Initially, Gimenez's November 30, 2017 PCRA Petition was filed well over sixty days after June 17, 2013, the date on which *Alleyne* was decided. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an [newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Further, even if Gimenez had timely invoked the exception, *Alleyne* does not apply retroactively where, as here, the judgment of sentence is final. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review."); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that while *Alleyne* claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction).[3]

Accordingly, Gimenez failed to meet the requirements of the newly-recognized constitutional right exception. Thus, the PCRA court properly dismissed Gimenez's second PCRA Petition as untimely.

---

[3] Gimenez also claims that his trial counsel was ineffective. *See* Brief for Appellant at 8-10. However, we note "that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2018